**Augustus C. WILLIAMS, Plaintiff–Appellant,**

v.

**Brian W. RODEEN, Assistant Warden; Susan L. Schumacher, Defendants– Appellees.**

No. 03–40153.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 21, 2003.

Augustus Conrad Williams, #615597, Texas Department of Criminal Justice, Institutional Division, Telford Unit, New Boston, TX, for Plaintiff–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Augustus C. Williams, Texas prisoner # 615597, pro se and in forma pauperis (IFP), appeals the dismissal with prejudice of his 42 U.S.C. § 1983 suit alleging the deprivation of his personal property. Williams argues that he has proof that his property was confiscated.

Because Texas has adequate postdeprivation remedies for the confiscation of prisoner property, such as a tort action for conversion, Williams has not shown that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred in dismissing his 42 U.S.C. § 1983 claim for deprivation of property. *See Murphy v. Collins,* 26 F.3d 541, 543–44 (5th Cir.1994). Williams' appeal is without arguable merit and is therefore frivolous. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

The dismissal of the complaint and appeal in this matter count as "strikes" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996). Williams has accumulated at least one additional "strike" based on the dismissal of a previous civil-rights action as frivolous. *See Williams v. Cockrell,* 54 Fed.Appx. 795 (5th Cir.2002) (unpublished).

By accumulating three strikes, Williams is BARRED from proceeding IFP in any subsequent civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR INVOKED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.